IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DERRICK GILLIARD              *

   Petitioner,              *          Criminal No. RDB-08-0076

v.                            *          Civil Action No. RDB-19-2749

UNITED STATES OF AMERICA,     *

   Respondent.              *

\* * * * * * * * * * * * *

**MEMORANDUM OPINION**

On September 5, 2008, *pro se* Petitioner Derrick Gilliard ("Gilliard" or "Petitioner") pled guilty to the offense of Conspiracy to Import Cocaine and Heroin, in violation of 21 U.S.C. § 963, under the terms of a Plea Agreement. (Plea Agreement, ECF No. 136). Thereafter, this Court sentenced Petitioner to 300 months imprisonment as a "career offender" in accordance with Sections 4B1.1 and 4B1.2 of the Federal Sentencing Guidelines. (ECF No. 157). Ten years later, the United States Court of Appeals for the Fourth Circuit held that Conspiracy to Import Cocaine and Heroin is not a "controlled substance offense," and not a valid predicate for a "career offender" sentence enhancement. *United States v. Whitley*, 737 F. App'x 147, 148–49 (4th Cir. 2018).

Currently pending before this Court is Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255. (ECF No. 245). Petitioner contends that his sentence was improperly enhanced, and that the statute of limitations for § 2255 claims should be tolled, in light of the Fourth Circuit's decision in *Whitley*. (ECF No. 245; ECF No. 249). This argument is unavailing, as the Fourth Circuit has consistently held that "'misapplication

of the sentencing guidelines does not amount to a miscarriage of justice,'" and cannot be raised in a § 2255 claim absent "'extraordinary circumstances.'" *United States v. Foote*, 784 F.3d 931, 939 (4th Cir. 2015) (quoting *United States v. Mikalajunas*, 186 F.3d 490, 495 (4th Cir. 1999); *United States v. Pregent*, 190 F.3d 279, 280 (4th Cir. 1999)). Having reviewed the parties' submissions, this Court finds that no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2016). For the following reasons, Petitioner's Motion to Vacate is DENIED.

## BACKGROUND

On February 14, 2008, a grand jury returned an indictment charging Derrick Gilliard with Conspiracy to Import Cocaine and Heroin, in violation of 21 U.S.C. § 963, alongside related narcotics offenses.[1] (ECF No. 1). On September 8, 2008, Gilliard pled guilty to the conspiracy count. (ECF No. 136). Accepting this plea, this Court sentenced Petitioner to 300 months' imprisonment as a "career offender" under Section 4B1.1 and 4B1.2 of the Federal Sentencing Guidelines. (ECF No. 157). Sentencing occurred on February 20, 2009, and Judgment was entered on February 24, 2009. (ECF No. 159). Subsequently, Gilliard has made several attempts to challenge his sentence. Gilliard filed a Notice of Appeal on February 27, 2009, (ECF No. 161), which was summarily dismissed on March 29, 2010. (ECF Nos. 200, 201). Subsequently, Gilliard continued to challenge his sentence before this Court, filing a Motion to Reduce Sentence (ECF No. 235), and two Motions to Compel Judgment on the Pleadings. (ECF Nos. 241, 242.)[2]

---

[1] Count 2 of the Indictment was dismissed by the Government.
[2] These Motions (ECF Nos. 235, 241, 242, and 244), filed in Criminal Case No. RDB-08-0076, raise issues independent of those presented in Petitioner's § 2255 petition. Accordingly, this Memorandum Opinion does not address these motions, which remain pending.

On June 12, 2018, over eight years after Gilliard's sentencing, the United States Court of Appeals for the Fourth Circuit released its decision in *United States v. Whitley*, 737 F. App'x 147 (2018), reversing the sentencing of a defendant as a career offender under the Drug Abuse, Prevention, and Control Act, 21 U.S.C. § 846 (2012). The Fourth Circuit reasoned that a § 846 conspiracy cannot support an enhanced sentence under the career offender provisions of the Federal Sentencing Guidelines, as conspiracy convictions "do[] not require the government to prove any overt act." *Whitley*, 737 F. App'x at 149. Gilliard claims that a fellow inmate alerted him to this ruling in July 2019. (ECF No. 245.) On July 16, Gilliard filed the pending Motion to Vacate, Set Aside, or Correct Sentence. (*Id.*).

## STANDARD OF REVIEW

This Court recognizes that Petitioner is *pro se* and has accorded his pleadings liberal construction. *See Erickson v. Pardus,* 551 U.S. 89, 94 (2007). Under 28 U.S.C. § 2255, a prisoner in custody may seek to vacate, set aside or correct his sentence where: (1) "the sentence was imposed in violation of the Constitution or laws of the United States," (2) the court lacked "jurisdiction to impose the sentence, . . . [(3)] the sentence was in excess of the maximum authorized by law, or [(4) the sentence] is otherwise subject to a collateral attack." 28 U.S.C. § 2255. "[A]n error of law does not provide a basis for collateral attack unless the claimed error constituted 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (quoting *Hill v. United States,* 368 U.S. 424, 428 (1962)).

The scope of a § 2255 collateral attack is far narrower than an appeal, and a "'collateral challenge may not do service for an appeal.'" *Foster v. Chatman*, 136 S. Ct. 1737, 1758 (2016)

3

(quoting *United States v. Frady*, 456 U.S. 152, 165, 102 S. Ct. 1584 (1982)). Thus, procedural default will bar consideration under § 2255 of any matters that "could have been but were not pursued on direct appeal, [unless] the movant shows cause and actual prejudice resulting from the errors of which he complains." *United States v. Pettiford*, 612 F. 3d 270, 280 (4th Cir. 2010) (citing *United States v. Mikalajunas*, 186 F.3d 490, 492-93 (4th Cir. 1999)).

## ANALYSIS

Gilliard moves to vacate his previous sentence on the grounds that he was improperly classified as a "career offender" under the Federal Sentencing Guidelines and is "actually innocent" of the predicate requirement for enhancement. (ECF No. 245.) The petition must be denied for two reasons. First, Gilliard's motion is untimely, as he filed it nine years after his judgment of conviction became final—well beyond the one-year limitations period applicable to §2255 claims. Second, even if Gilliard's Petition were timely, his argument fails because the United States Court of Appeals for the Fourth Circuit has conclusively established that the improper application of the sentencing guidelines does not warrant relief under § 2255. *See, e.g., Foote*, 784 F.3d 931, 939 (4th Cir. 2015) (declining to declare a fundamental defect in sentencing according to sentencing guidelines that are strictly advisory); *Holt v. United States*, DKC-16-2393, 2020 WL 134536, at *2 (D. Md. 2020) ("[I]mproper application of the career offender guideline is not a fundamental defect cognizable in a § 2255 proceeding").

### I. The Motion to Vacate is Untimely.

The government contends that Gilliard's motion must be dismissed as untimely. (ECF No. 246; ECF No. 251). 28 U.S.C. § 2255(f) imposes a one-year statute of limitations for all petitions filed under § 2255. This limitations period runs from the latest of:

4

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.*

In a criminal case, a judgment of conviction becomes final upon the termination of the opportunity for further appeal. *Clay v. United States*, 537 U.S. 522, 524–25 (2003) (finding § 2255 statute of limitations begins to run "when this Court affirms a conviction on the merits" or "when the time for filing a certiorari petition expires"); *Gonzales v. Thaler*, 565 U.S. 134, 149 (2012) (affirming limitations period begins upon the "conclusion of direct review" or "expiration of the time for seeking such review"). As Gilliard's appeal was dismissed by the Fourth Circuit on March 29, 2010, the judgment against him became final on June 27, 2010—upon the expiration of his opportunity to seek review by filing a petition for certiorari. Gilliard's Motion to Vacate, filed just over nine years later, is unequivocally untimely under 28 U.S.C. § 2255(f).

None of the other provisions are applicable. Gilliard does not identify Supreme Court authority recognizing any new right retroactively applicable on collateral review. *C.f.* § 2255(f)(3). Likewise, he does not contend that the government has erected an unconstitutional impediment to the filing of this motion. *C.f.* § 2255(f)(2). Finally, Gilliard does not indicate

5

that he has discovered new "facts" in support of his claim. *Cf.* § 2255(f)(4). Although Gilliard argues that the decision in *Whitley* constitutes a new "fact" for purposes of § 2255(f)(4), this contention is without merit. *See, e.g.*, *Whiteside v. United States*, 775 F.3d 180, 183-84 (4th Cir. 2014) (holding that a Court of Appeals decision which merely "altered the significant of [the petitioner's] prior convictions" did not constitute a new "fact" for purposes of § 2255(f)(4)). Accordingly, Gilliard's § 2255 petition is untimely.

Petitioner maintains that his untimeliness may be excused because he is "actually innocent of being a career offender." (ECF No. 249.) This argument is without merit. In some cases, a valid claim of actual innocence may permit a habeas petition which would otherwise be time-barred. *See United States v. Jones*, 758 F.3d 579, 581 (4th Cir. 2014) (citing *McQuiggin v. Perkins*, 569 U.S. 383, 133 S. Ct. 1924 (2013)). A claim that one is actually innocent of his sentence, however does not trigger this exception. *Jones*, 758 F.3d at 586. Moreover, to succeed on his "actual innocence" claim, Petitioner must show that he is actually innocent of the predicate crime giving rise to his career offender designation. *United States v. Pettiford*, 612 F.3d 270, 284 (4th Cir. 2010). He has made no attempt to do so, arguing only that his conviction cannot give rise to a career offender designation. Accordingly, Gilliard's § 2255 petition does not satisfy the narrow "actual innocence" exception.[3]

## II. Petitioner's Argument Is Not Cognizable under § 2255.

---

[3] Additionally, equitable tolling would not be appropriate in this case. Under the doctrine of equitable tolling, collateral review is available where a defendant can show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010). Petitioner has not sought the application of equitable tolling, nor has he demonstrated the requisite "extraordinary circumstances."

Even if Gilliard's motion were timely, his argument is not cognizable under § 2255. Gilliard argues that he was incorrectly classified as a career offender under the United States Sentencing Guidelines because the Fourth Circuit has recently held that the offense to which he pled guilty—Conspiracy to Import Cocaine and Heroin—is not a "controlled substance offense," and not a valid predicate for a "career offender" sentence enhancement. *See United States v. Whitley*, 737 F. App'x 147, 148–49 (4th Cir. 2018). Gilliard contends that this purportedly incorrect sentencing classification requires this Court to vacate his sentence.

Section 2255 permits petitioners to collaterally attack their sentence on narrow grounds. "[I]f an alleged sentencing error is neither constitutional nor jurisdictional, a district court lacks authority to review it unless it amounts to a fundamental defect which inherently results in a complete miscarriage of justice." *Unites States v. Foote*, 784 F.3d 931, 936 (4th Cir. 2015). In *Foote*, defendant sought re-sentencing based on his contention that, in light of an intervening change of law, one of his prior state drug offenses no longer qualified as a predicate offense for purposes of the career offender guideline. *Foote*, 784 F.3d at 935. The Fourth Circuit rejected this argument, holding that "sentencing a defendant pursuant to advisory Guidelines based on a career offender status that is later invalidated" does not result in a "fundamental defect which inherently results in a complete miscarriage of justice." *Id.* at 936. *see also Holt v. United States*, DKC-16-2393, 2020 WL 134536, at *2 (D. Md. Jan. 13, 2020) (holding that improper application of career offender guidelines is not cognizable under § 2255); *Curtin v. United States*, TDC-14-0467, 2018 WL 3611050, at *3 (D. Md. July 27, 2018) (holding that *Foote* mandated rejection of petitioner's request to reduce his sentence based on his contention that he was erroneously classified as a career offender).

7

As these cases hold, Petitioner cannot utilize § 2255 to challenge his career offender designation nine years after his conviction. As in *Foote*, Petitioner argues that a recent decision of the Fourth Circuit—in this case, *United States v. Whitley*, 737 F. App'x 147 (4th Cir. 2018)—holds that his conviction cannot serve as a predicate for his career offender designation. Even if Petitioner's contention is correct, *Foote* precludes the relief he seeks. As in *Foote*, the decision in *Whitley* has not produced a "fundamental defect which inherently results in a complete miscarriage of justice." *Foote*, 784 F.3d at 936.

## CONCLUSION

For the foregoing reasons, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255 (ECF No. 245) is DENIED.

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, this Court is required to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the court's earlier order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the court denies a petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. *See Miller–El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because reasonable jurists would not find Petitioner's claims debatable, a certificate of appealability is DENIED.

A separate Order follows.

Dated: January 31, 2020

/s/
Richard D. Bennett
United States District Judge